IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


LAYNE E. CARVER                                                                                    PLAINTIFF

          V.                              CIVIL NO. 6:14-cv-06130-RTD-MEF

ARKANSAS DEPARTMENT OF CORRECTION;
RAY HOBBS; WENDY KELLY; RORY GRIFFIN;
MARSHALL REED; CORRECT CARE
SOLUTIONS; GEORGE WILSON; ANDREA
BEASLEY; DR. NANNETTE VOWELL;
JIMMY WALLACE                                                                                    DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Layne E. Carver, filed this case *pro se* pursuant to 42 U.S.C. § 1983 on October 15, 2104, in the Eastern District of Arkansas. ECF No. 1. The case was properly transferred to this District on November 18, 2104. Doc. 6. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I.      BACKGROUND**

Plaintiff is currently incarcerated in the Arkansas Department of Corrections ("ADC") Ouachita River Unit. In Plaintiff's Complaint, among others, he named the Arkansas Department of Corrections.

Plaintiff seeks only injunctive relief.  (Doc. 1, 15)

**II.   APPLICABLE LAW**

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law.  *West v. Atkins,* 487 U.S. 42, 48 (1988).

**III.   DISCUSSION**

When a claimant is seeking only prospective injunctive damages, a state official is considered a "person" for purposes of suit under § 1983 "because official-capacity actions for prospective relief are not treated as actions against the State.'"  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (internal quotations omitted).  However, a state agency is not a "person" for purposes of suit under § 1983, regardless of the damages sought.  *Id.* at 66-67.  Therefore, Plaintiff may bring an official capacity injunctive relief claim against ADC officials, but not the ADC itself.

**IV.   CONCLUSION**

For the foregoing reasons, I recommend that Plaintiff's claims against the Arkansas Department of Corrections be **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).  Plaintiff's claims against all other Defendants remain for further resolution.  Service will be addressed by separate order.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of August, 2015.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE